PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2006 Hyundai Tiburón struck a washed out section of Mount Clare Road, designated as State Route 25, near Lost Creek, Harrison County. State Route 25 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 11:30 a.m. onJune 11,2008. State Route 25 is a paved, two-lane road with a yellow center line and white edge lines. The speed limit in this area is fifty-five miles per hour. At the time of the incident, claimant testified that he was driving from Lost Creek towards Clarksburg. The Green Valley Inn is the nearest landmark to the area where this incident occurred. As the claimant was driving at approximately forty-five miles per hour, his vehicle struck a washed out portion of the road. He stated that there was a flood one week prior to this incident that caused the section of road to wash out. Since the washed out portion occupied the entire width of both lanes of the roadway, claimant could not have avoided this area. He testified that he was not aware of the condition of the road prior to this incident. Claimant’s girlfriend, Kara Randolph, was a passenger in the vehicle at the time of the incident. She testified that she travels this road several times per month. The last time that she traveled on the road prior to this incident was before the flooding had occurred. As a result, claimant’s vehicle sustained damage to its right, front rim in the amount of $ 196.73.
The position of respondent is that it did not have actual or constructive notice of the condition on State Route 25. David Cava, Highway Administrator for respondent in Harrison County, testified that it is a second priority road in terms of its maintenance. Mr. Cava testified that he and his crews worked from June 4,2008, through June 6, 2008, to keep the roads open which were flooded. He stated that respondent was inundated with complaints regarding washouts, high water, culverts failing, and people not being able to travel to and from their homes. Approximately twenty-five roads were affected by the flooding and were closed from two to five days. Mr. Cava testified that he was aware that State Route 25 was under high water in several locations. Respondent placed high water warning signs on the primary routes, and respondent had run out of signs to use at this location.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and areasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
*40 In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the washed out portion of the road which the claimant’s vehicle struck. Although respondent was performing work to clear the roads due to flooding at the time of this incident, the Court finds that the condition of State Route 25 created a hazard to the traveling public. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does malee an award to the claimant in the amount of $196.73.
Award of $196.73.